IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL FISANICK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **CIVIL ACTION NO.** |
| v. | ) |
| | ) |
| **DIAMOND HANDS HOLDINGS, LLC,** | ) |
| **and PAUL DAY,** | ) |
| | ) |
| **Defendants.** | |

# COMPLAINT

Plaintiff Michael Fisanick ("Mr. Fisanick") states the following for his Complaint against Defendant Diamond Hands Holdings, LLC ("Diamond Hands") and Defendant Paul Day ("Mr. Day," and collectively with Diamond Hands, "Defendants"):

## PARTIES, JURISDICTION, & VENUE

1. Mr. Fisanick is domiciled in Florida. Mr. Fisanick is, therefore, a citizen of Florida for diversity jurisdiction purposes.

2. Mr. Day is domiciled in Alabama. Mr. Day is, therefore, a citizen of Alabama for diversity jurisdiction purposes.

3. Diamond Hands is an Oklahoma Limited Liability Company. After a diligent but unfruitful search of the public record and other available documents,

counsel for Mr. Fisanick asked counsel for Diamond Hands for the citizenship of each of its members for diversity purposes. Diamond Hands has hereto failed to provide the citizenship of its members. Upon information and belief, no member of Diamond Hands is a citizen of the state of Florida.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because diversity of citizenship exists between Plaintiff Mr. Fisanick and Defendants Diamond Hands and Mr. Day, and the amount in controversy between the parties exceeds $75,000.00, exclusive of interest and costs.

5. Diamond Hands is subject to specific personal jurisdiction in Alabama because it entered into the contract at issue in this Complaint with Mr. Fisanick for the sale of real property in Geneva County, Alabama. Further, Diamond Hands bought the real property at issue from an Alabama citizen, advertised the sale of that property in Alabama, and recorded the deeds at issue in the Geneva County, Alabama probate records.

6. Mr. Day is subject to personal jurisdiction in Alabama because he resides and is domiciled in Alabama.

7. Venue is proper in the Southern Division for the Middle District of Alabama pursuant to 28 U.S.C. § 1391 because the property that is the subject of this action is situated here, in Geneva County, Alabama.

## FACTUAL BACKGROUND

8. On or about April 12, 2024, Diamond Hands purchased certain real property located at Travis Wise Road, Samson, Alabama 36477 in Geneva County from Mr. Day for $108,000.00. That certain real property (the "Subject Property") is more specifically described in the warranty deed conveying the Subject Property to Diamond Hands that is recorded in the Geneva County Official Records at Book 1227, Page 500 on April 23, 2024 (the "Day Warranty Deed").

9. On or about July 6, 2024, Diamond Hands entered into a contract to sell the Subject Property to Mr. Fisanick for $145,000.00.

10. Diamond Hands executed a Corporation Form Warranty Deed conveying the Subject Property to Mr. Fisanick on July 18, 2024, and the Corporation Form Warranty Deed was recorded on July 22, 2024, in the Geneva County Official Records at Book 1237, Page 465 (the "Fisanick Warranty Deed").

11. Sometime after Diamond Hands conveyed the Subject Property to Mr. Fisanick, Mr. Day claimed that both the Day Warranty Deed and the Fisanick Warranty Deed contained an erroneous legal description. Mr. Day claimed there was a purported error in the legal description of the Day Warranty Deed, and that he only intended to sell two parcels entirely located in Section 34 and East of Travis Wise Road to Diamond Hands.

12. When Mr. Fisanick purchased the Subject Property, Mr. Fisanick was unaware of any claimed legal description error(s) in the Subject Property's chain of title, and believed he was purchasing for value the entire property described in the Fisanick Warranty Deed.

13. On October 22, 2024, Mr. Day unilaterally executed and recorded a Corrective Warranty Deed, purporting to the correct the legal description in the Day Warranty Deed, in the Geneva County Official Records at Book 1249, Page 265 (the "Day Corrective Deed"). The legal description in the Day Corrective Deed removed the reference to property located in Section 34. Mr. Fisanick was not involved in nor approved the Day Corrective Deed.

14. On December 3, 2024, Mr. Day filed an action in the Circuit Court of Geneva County, Alabama, Case No. 34-CV-2024-900126, for reformation of the deeds and for unjust enrichment, naming Diamond Hands and Mr. Fisanick as defendants (the "State Court Lawsuit").

15. On December 18, 2024—while the State Court Lawsuit was still pending, and before either Diamond Hands or Mr. Fisanick had responded to the complaint—Diamonds Hands executed and recorded a Corrective Corporate Warranty Deed, purporting to correct the legal description in the Fisanick Warranty Deed, in the Geneva County Official Records at Book 1256, Page 387 (the "Fisanick

Corrective Deed"). Mr. Fisanick did not consent to or otherwise authorize the execution of the Fisanick Corrective Deed.

16. Indeed, Mr. Fisanick was unaware of the Fisanick Corrective Deed until Mr. Day voluntarily dismissed the State Court Lawsuit on January 9, 2025, before Diamond Hands or Mr. Fisanick had responded to the complaint. *See* Motion to Dismiss, ECF No. 12, *Paul Day v. Michael Fisanick et al.*, Case No. 34-CV-2024-900126 in the Circuit Court of Geneva County, Alabama.

17. Diamond Hands' actions have resulted in a potential cloud of title to the Subject Property. Essentially, Diamond Hands has slandered Mr. Fisanick's ownership of the Subject Property. As such, Mr. Fisanick has filed this action to quiet title and protect his interest in the Subject Property.

## COUNT I
## BREACH OF CONTRACT (against Diamond Hands)

18. Mr. Fisanick incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

19. Mr. Fisanick and Diamond Hands entered into a valid and binding contract for the sale of the Subject Property.

20. Mr. Fisanick fully performed his obligations under the contract.

21. Diamond Hands breached the contract by failing to convey good and merchantable title to the Subject Property as described in the Fisanick Warranty

Deed, and by taking actions designed to challenge Mr. Fisanick's ownership interest in the Subject Property.

22. Mr. Fisanick has been damaged by Diamond Hands breach as evidenced by Mr. Day's claim to the Subject Property.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for compensatory, incidental, and consequential damages, plus such other, further, and different relief to which Plaintiff is entitled.

## COUNT II
## BREACH OF WARRANTY (against Diamond Hands)

23. Mr. Fisanick incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

24. Diamond Hands conveyed the Subject to Mr. Fisanick via the Fisanick Warranty Deed, which contained the following language:

> And said **DIAMOND HANDS HOLDINGS, LLC**, does for itself, its successors and assigns, covenant with said **MICHAEL FISANICK**, his heirs and assigns, that it is lawfully seized in fee simple of said premises, that it is free from all encumbrances unless otherwise noted above, that is has a good right to sell and convey the same as aforesaid, and that it will, and its successors and assigns shall, warrant and defend the same to the said heirs, executors and assigns forever, against the lawful claims of all persons.

25. Diamond Hands breached its warranty to Mr. Fisanick because it now claims that it did not have "a good right to sell and convey" the Subject Property as described in the Fisanick Warranty Deed.

6

26. Diamond Hands further breached its warranty to Mr. Fisanick by failing to defend against the legal claim to the Subject Property brought by Mr. Day. In fact, Diamond Hands worked in furtherance of Mr. Day's claim to the Subject Property to the detriment of Mr. Fisanick.

27. Mr. Fisanick has been damaged by Diamond Hands' breach.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for compensatory, incidental, and consequential damages, plus such other, further, and different relief to which Plaintiff is entitled.

## COUNT III
## SLANDER OF TITLE (against Diamond Hands)

28. Mr. Fisanick incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

29. This is an action pursuant to Alabama Code § 6-5-211 for Slander of Title.

30. Mr. Fisanick has ownership of the Subject Property via the Fisanick Warranty Deed.

31. By recording the Fisanick Corrective Deed purporting to correct the legal description of the Fisanick Warranty Deed, Diamond Hands published false words regarding Mr. Fisanick's title—namely, that the Fisanick Warranty Deed contained an incorrect legal description.

32. The legal description of Subject Property was the subject of pending litigation when Diamond Hands recorded the Fisanick Corrective Deed. Further, upon information and belief, Diamond Hands knew that Mr. Fisanick intended to oppose and defend against Mr. Day's allegations, but Diamond Hands still recorded the Fisanick Corrective Deed without Mr. Fisanick's consent. Accordingly, Diamond Hands acted with malice when it published the Fisanick Corrective Deed.

33. By recording the Fisanick Corrective Deed in the Geneva Count Official Records, Diamond Hands published it to persons other than the owner.

34. The Fisanick Corrective Deed is disparaging of Mr. Fisanick's title to the Subject Property.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against Defendant for compensatory, incidental, consequential, and punitive damages, plus such other, further, and different relief to which Plaintiff is entitled.

## COUNT IV
## QUIET TITLE (against both Defendants)

35. Mr. Fisanick incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

36. The Fisanick Corrective Deed recorded by Diamond Hands and the Day Corrective Deed recorded by Mr. Day have resulted in a potential cloud of title to the Subject Property.

37.     Mr. Fisanick calls upon Defendants Diamond Hands and Mr. Day, pursuant to Alabama Code § 6-6-541, to set forth and specify his title, claim, interest in, or encumbrance upon the Subject Property, to the extent that he has any, and specify how and by what instrument the same is derived.

38.     Mr. Fisanick is entitled to have his title to the Subject Property quieted by virtue of Alabama Code § 6-6-540, *et seq.*

WHEREFORE, Plaintiff requests that this Court enter an Order forever confirming and quieting title to the Subject Property and forever enjoining Defendants, and anyone claiming it, through or under Defendants, from challenging Plaintiff's ownership interest in Subject Property via the Fisanick Warranty Deed. Plaintiff also requests any additional relief deemed necessary by the Court.

## COUNT V
## DECLARATORY JUDGMENT (against both Defendants)

39.     Mr. Fisanick incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

40.     This is an action pursuant to Alabama Code §§ 6-6-222 & 6-6-223 for a Declaratory Judgment.

41.     A judicial declaration of the parties' relative rights, duties, status, title, and interests in and to the Subject Property is necessary to settle and afford the parties relief from the uncertainty occasioned by this dispute.

42.     For the reasons set forth above, Mr. Fisanick is entitled to a judgment declaring that he owns the Subject Property as described in the Fisanick Warranty Deed in fee simple.

WHEREFORE, Plaintiff requests that this Court enter an Order finding that Plaintiff Michael Fisanick is the owner in fee simple of the Subject Property, as described in the Fisanick Warranty Deed, and that the Day Corrective Deed and Fisanick Corrective Deeds are deemed invalid.

Respectfully submitted the 22nd day of January, 2025.

*/s/ William J. Long IV*
William J. Long IV (LON044)
Benjamin T. Clark (CLA140)

*Attorneys for Michael Fisanick*

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

Registered Agent Solutions, Inc., registered agent for Diamond Hands Holdings, LLC
2 North Jackson Street, Suite 605
Montgomery, AL 36104

Paul Day
1055 Palmer Road
Samson, AL 36477